IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROTONDO NARD                                                                                    PLAINTIFF

v.                                              Civil No. 4:17-cv-04085

STEVEN KING, Nurse Miller County
Detention Center; JAILER STEVEN
CRANE, Miller County Detention
Center; and JAILER OATES,
Miller County Detention Center                                                              DEFENDANTS

**ORDER**

  Plaintiff Rotondo Nard filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on September 27, 2017. (ECF No. 1). Before the Court is Plaintiff's Motion for Discovery. (ECF No. 27). In his motion Plaintiff requests video footage, seeks to add a "John Doe" defendant, and asks that Defendant Crane "be contacted or someone answers on his behalf". *Id.*

  1. **Video Footage**

  Plaintiff "moves to gather evidence on his behalf of the Complaint…From 7/ /17 at approximately 3:30AM, there shall be video footage showing all of the evidence I need." (ECF No. 27, p. 1). Pursuant to the Federal Rules of Civil Procedure, Plaintiff must first submit his discovery request to Defendants(s) in a good faith effort to obtain the requested information before seeking court intervention. Fed. R. Civ. P. 37(a)(3)(B) and Local rule 7.2(g).

  Plaintiff has failed to show he made any effort to confer with Defendants(s) before filing his Motion for Discovery. Plaintiff should send a letter to defense counsel and state exactly what information he is seeking and try to resolve any discovery disputes before filing a motion with the Court. Defense counsel, in turn, should fully comply with the obligations of discovery or state a clear explanation for noncompliance. If this effort does not produce the information Plaintiff

seeks, he may then reassert his Motion to Compel. In addition, Plaintiff is directed to read through the Initial Scheduling Order (ECF No. 26) filed in this case for various deadlines imposed by the Court. For instance, Defendants have until February 26, 2018, to provide Plaintiff with relevant video footage. For these reasons, Plaintiff's request for video footage is denied.

**2. Request to add a "John Doe" Defendant**

In his motion Plaintiff also states "I left out a defendant which should have been whomever would acknowledge that Mr. Lavonte Nard has been a threat to harm himself or others several times before this incident…" (ECF No. 27, p. 2). The Court construes Plaintiff's statement as a request to add an unnamed defendant (i.e. a "John Doe" defendant) to this lawsuit. Plaintiff must file a separate motion to amend or supplement his complaint in order to name an additional defendant. For this reason, Plaintiff's request to add a defendant is denied.

If Plaintiff wants to add another individual as a defendant in this lawsuit, Plaintiff must file a supplement to his Complaint and write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name (if he knows) of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 432 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

**3. Defendant Crane**

Finally, Plaintiff states in his motion "Officer Steven Crane quit sometime prior to the complaint. Plaintiff asks that he be contacted or someone answers on his behalf." (ECF No. 1, p. 3). Defendant Crane filed his Answer (ECF No. 25) to Plaintiff's Complaint on January 11, 2018. Therefore, Plaintiff request is denied as moot.

Accordingly, Plaintiff's Motion for Discovery (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED this 25th day of January 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE