IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROTONDO NARD                                                                                     PLAINTIFF

v.                                      Civil No. 4:17-cv-04085

STEVEN KING, Nurse Miller County
Detention Center; JAILER STEVEN
CRANE, Miller County Detention
Center; and JAILER OATS,
Miller County Detention Center                                        DEFENDANTS

## MEMORANDUM OPINION and ORDER

This is a civil rights action filed *pro* se by Plaintiff, Rotondo Nard, under 42 U.S.C. § 1983. Before the Court are Motions for Summary Judgment filed by Defendant Steven King (ECF No. 36) and Defendants Stephen Crane and David Oakes.[1] (ECF No. 40). Plaintiff has filed a Response. (ECF No. 44). The Court finds this matter ripe for consideration.

## I. BACKROUND

Plaintiff's claims in this action arise from alleged incidents that occurred in 2017 while incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas.[2] Viewed in the light most favorable to Plaintiff, the relevant facts are as follows.

Plaintiff was booked into the MCDC on May 2, 2017. (ECF No. 42-2). That same day, Plaintiff signed a Medical Responsibility Form acknowledging he was responsible for all medical bills and treatments while incarcerated at the MCDC resulting from any action that is contrary to the policy of the MCDC. According to the form, actions contrary to the policy of MCDC includes

---

[1] Defendant Crane is incorrectly identified in the caption of the case as "Jailer Steven Crane" and Defendant Oakes is incorrectly identified in the caption of the case as "Jailer Oats."

[2] Plaintiff remains incarcerated in the MCDC to date.

1

any injury resulting from an infraction that results in disciplinary action. (ECF No. 42-4, p. 1). During the booking process, Plaintiff was also provided access to the MCDC's Inmate Handbook and he consented to being treated by the MCDC's medical provider, Southern Health Partners. (ECF No. 42-1).

On July 21, 2017, Plaintiff and another inmate had a verbal argument which escalated into a physical altercation. During this incident, Plaintiff was attacked and struck with a broom. Defendant Crane submitted an incident report relating to the encounter which states:

> On July 21, 2017, at approximately 0315, Detention Deputy James Shoumaker called for a fight in progress (10-10) in West Alpha while I was writing a report in the supervisor's office. Upon responding to the call, I witnessed Inmate Lavonte Nard and Inmate Rotondo Nard breaking away from their altercation. I immediately separated the two individuals and got verbal statements from both parties, and determined that Inmate Lavonte Nard attacked Inmate Rotond[o] Nard. I then escorted Inmate Lavonte Nard to Max Hall 2, where Detention Deputy Chris Oakes[3] then escorted the Inmate [Lavonte Nard] into Max Alpha where he was placed into Max Alpha cell 803 without further incident. Inmate Rotondo Nard was placed back in West Alpha until further investigations are complete.

(ECF No. 45-1, p. 2). On July 23, 2017, Plaintiff was examined at the MCDC's infirmary and the following progress note was entered in Plaintiff's medical file:

> IM was brought to infirmary after having an altercation with another IM a couple of days ag[o]. IM was complaining of left shoulder pain from being hit with a broom. Vitals 98.1, 98%, 62, 120/70. No swelling or discoloration noted to arm, sent back to pod. Nurse Loni.

(ECF No. 42-4, p. 3).

On July 24, 2017, as part of Deputy Shoumaker's[4] investigation, Plaintiff stated: "I was talking to Inmate L. Nard about what he's in here for and I don't know exactly why but he jumped up and started going crazy hitting me, and then he grabbed a broom and hit me with it. He also

---

[3]The Court assumes that "Chris Oakes" is Defendant David Oakes.
[4]Deputy Shoumaker is not a named defendant in this lawsuit.

2

threw several items of some sort at me." (ECF No. 45-1, p. 3). That same day, Plaintiff entered a plea of guilty to the disciplinary committee but declined to appear. The committee found that Plaintiff committed infraction B2 [Assault 1st or 2nd degree (Fighting)] and sanctioned him to 30 days of segregation, loss of commissary, and loss of visitation. (ECF No. 45-1, pp. 4-6), *see also* (ECF No. 42-9, p. 5).

On July 24, 2017, Plaintiff submitted an Inmate Grievance, stating:

> I wrote a grievance for them to read over the weekend but they gave it back and acted like it wasn't that serious to them. No my injuries weren't bad but some officer broke the policy of keeping the [environment] that we live in safe. Could you please get back with me on this matter A.S.A.P.

(ECF No. 42-3, p. 1). The next day, Plaintiff submitted an Inmate Medical Request: "I was just trying to remind King that he said he would return my money to my books." In response, Plaintiff was informed by Defendant Steven King, the Head Nurse for the MCDC medical staff, that all charges were correct, due to Plaintiff requesting to be brought to the infirmary. (ECF No. 42-3, p.2). On July 26, 2017, Plaintiff underwent a medical history and evaluation. Plaintiff did not mention any injury or pain from the altercation with the inmate that occurred on July 21, 2017, nor did he report any other medical issues or problems he was having. (ECF No. 42-4, pp. 4-6).

On August 3, 2017, Plaintiff submitted an Inmate Grievance stating:

> I got hit with a broom and nobody even knew about it because the officer that was on that morning obviously did not believe me but they looked at the video Tuesday and now people can see why I have been writing grievances. If I feel like the matter hasn't been handled in my eyes I will be taking further actions to justify what happened… Thanks you !!!!!

(ECF No. 42-3, p. 3). In response to Plaintiff's grievance, Corporal Hanning[5] informed Plaintiff that his request was ambiguous and contained no identifiable complaint. Plaintiff was asked to be

---

[5] Corporal Hanning is not a named defendant in this lawsuit.

more specific in future grievances. *Id.*

On September 27, 2017, Plaintiff filed his Complaint against Steven King and Steven Crane alleging he was denied medical care. (ECF No. 1). That same day the Court ordered Plaintiff to file an amended complaint to clarify his claims against the defendants. (ECF No. 3). Plaintiff filed an Amended Complaint reasserting his claim for denial of medical care against King, naming David Oats as an additional defendant, and adding a claim for failure to protect against Crane and Oats. (ECF No. 6). Plaintiff also claims he was improperly charged a co-pay for a visit to the MCDC infirmary after he was attacked by another inmate. Defendant King is a registered nurse and the medical team supervisor at the MCDC. Defendants Crane and Oats are officers employed by the MCDC. Plaintiff is suing Defendants in their personal and official capacities. He is seeking compensatory and punitive damages. *Id.* at p. 6.

Defendant King argues he is entitled to summary judgment because: 1) Plaintiff's constitutional rights were not violated when he was charged for a sick call; 2) Plaintiff's alleged shoulder injury did not constitute a serious medical need and, therefore, cannot form the basis of a deliberate indifference claim; 3) Defendant was not directly involved in the examination or treatment of Plaintiff; and 4) no policy or custom of Defendant King's employer—Southern Health Partners, Inc.—caused Plaintiff to suffer an unconstitutional harm. (ECF No. 36).

Defendants Crane and Oats state they are entitled to summary judgment because: 1) they did not violate Plaintiff's constitutional rights by failing to protect him from a surprise attack by another inmate; 2) they are entitled to qualified immunity; and 3) there is no basis for official capacity liability.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

### A. Denial of Medical Care

Plaintiff alleges Defendant King was deliberately indifferent to his serious medical needs because Plaintiff was not taken to the infirmary to be examined immediately after he was attacked on July 21, 2017.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendant King acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Here, Plaintiff had not been diagnosed by a physician as requiring treatment. The question then becomes whether Plaintiff had an injury that even a layperson would recognize as needing a doctor's attention. Defendant King argues that Plaintiff's alleged injury to his shoulder does not constitute a serious medical condition. The Court agrees. The record demonstrates Plaintiff was attacked by another inmate on July 21, 2017. Plaintiff complained of pain in his left shoulder and

6

was seen by Nurse Loni—a member of the MCDC medical staff—two days later. Nurse Loni examined him and found no swelling or discoloration on Plaintiff's arm. (ECF No. 42-4, p. 3). In addition, even Plaintiff acknowledges his alleged injuries were not serious. On July 24, 2017, Plaintiff submitted a grievance stating in part "…No my injuries weren't bad but some officer broke the policy of keeping the [environment] that we live in safe…" (ECF No. 42-3, p. 1). Finally, Plaintiff did not report any medical issues or injuries during his medical evaluation which took place five days after the attack. (ECF No. 42-4, pp. 4-6).

Because Plaintiff did not suffer from an objectively serious medical need his claim for denial of medical care fails as a matter of law. Accordingly, Defendant King is entitled to summary judgment on this claim.

**B. Co-Pay Charge**

Plaintiff also claims his constitutional rights were violated when he was brought to the infirmary two days after the attack and was charged a $10 co-pay.

It is well established that requiring inmates to pay for their own medications, if they can afford to do so, is not a federal constitutional violation. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). Prisoners do not have a clearly established right to receive free medical care. *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997).

Here, Plaintiff was never denied treatment for the alleged pain in his shoulder. The record demonstrates Plaintiff was seen and evaluated two days after he was attacked when he complained to the MCDC medical staff. In addition, Plaintiff signed the MCDC's Medical Responsibility Form in which he acknowledged he was responsible for medical bills and treatment arising from injuries resulting from an infraction that results in disciplinary action. (ECF No. 42-4, p. 1). Plaintiff pled guilty to infraction B2 [Assault 1st or 2nd degree (Fighting)] on July 24, 2017.

Accordingly, Plaintiff's claim fails as a matter of law and Defendant King's motion for summary judgment regarding Plaintiff's $10 co-pay charge should be granted.

**C. Failure to Protect**

Plaintiff alleges Defendant Crane and Oats failed to protect him from an attack by another inmate on July 21, 2017, and as a result his left shoulder was injured.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998). For a pretrial detainee like Plaintiff, this duty arises under the Due Process Clause of the Fourteenth Amendment. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test. Specifically, Plaintiff must demonstrate that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Id.* (quoting *Farmers*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong; instead, the official must

"recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon Cnty.*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted).

Here, there is no evidence Plaintiff was incarcerated under conditions posing a substantial risk of serious harm or that Defendants Crane or Oats were deliberately indifferent to Plaintiff's health or safety prior to the attack. There had been no previous incidents or disputes between Plaintiff and inmate Lavonte Nard. Plaintiff even gave a statement to Deputy Shoumaker in which he stated "I was talking to Inmate L. Nard about what he's in here for and I don't know exactly why but he jumped up and started going crazy hitting me." (ECF No. 45-1, p. 3). Plaintiff's description of the incident shows the attack on Plaintiff was clearly unexpected. Therefore, Plaintiff's failure to protect claim fails as a matter of law and Defendants Crane and Oats are entitled to summary judgment.

### D. Official Capacity Claims

Plaintiff also sues Defendants King, Crane and Oats in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendant King are treated as claims against his employer Southern Health Partners, Inc. and his claims against Defendants Crane and Oats are against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Southern Health Partners, Inc. or Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental

entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Here, Plaintiff has failed to produce evidence of any policy or custom of Southern Health Partners, Inc. or Miller County that contributed to a violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's claims against Defendants in their official capacity fail as a matter of law.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant King's Motion for Summary Judgment (ECF No. 36) and Defendants Crane and Oats' Motion for Summary Judgment (ECF No. 40) should be and hereby are **GRANTED**. Accordingly, all of Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**.[6]

**IT IS SO ORDERED,** this 15th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[6] Because the Court did not find any constitutional violations, it is unnecessary to address the issue of qualified immunity.